# EXHIBIT A

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                                 SUPERIOR COURT
                                                                           CIVIL ACTION
                                                                           No. 1877CV01180B

Kathleen Hanefield ..................................................................................., Plaintiff(s)

v.

..National..RAilroad..Passenger..Corporation............................., Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon  Stephen J. Delamere, Esq.  ,

plaintiff's attorney, whose address is  839 Washington St., Stoughton, M  02072  , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Essex County Superior Court    145 High St., Newburyport, MA 01950
either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the  18th
day of  October  , in the year of our Lord two thousand  eighteen

OCT 24 2018

*Thomas H. Driscoll Jr.*
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5)):

_____

_____

Dated: _____, 20___.    _____

N.B.  TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

| , 20 . |
|---|

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No.

ESSEX, ss.

Plaintiff(s)

v.

Defendant(s)

**SUMMONS**
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                  SALEM SUPERIOR COURT
                                                            CIVIL ACTION NO.

KATHLEEN HANEFELD,                    )
  Plaintiff                            )
                                      )
vs.                                   )    PLAINTIFF'S COMPLAINT
                                      )
NATIONAL RAILROAD PASSENGER           )
CORPORATION                           )
  Defendant                            )

## PARTIES

1. The Plaintiff, Kathleen Hanefeld, is an individual residing at 634 Ashbury Street, Hamilton, Essex County, Massachusetts.

2. The Defendant, National Railroad Passenger Corporation, doing business as Amtrak, is a corporation with a principle address of 60 Massachusetts Avenue, NE, Washington, DC.

## FACTS

3. On August 19, 2015, the Plaintiff Kathleen Hanefeld had departed an Amtrak train at the University Avenue, Westwood, Massachusetts station.

4. While walking in the parking structure the Plaintiff was caused to fall due to a concrete platform that was crumbling and disrepair.

5. Upon information and belief, the Defendant owns and operates the parking structure at University Avenue and is responsible for the maintenance of the property.

6. As a result of the accident Plaintiff Kathleen Hanefeld sustained serious and permanent injuries including ankle sprain, ankle inversion, increased laxity of her right ankle, stress injury and chronic distal fibula avulsion fracture. She has also undergone therapy, cortisone injections, bracing and is recommended for surgery of her right ankle.

## COUNT I
## (NEGLIGENCE)

7. The Plaintiff hereby re-alleges each of the allegations set forth in paragraphs 1 through 6 above and incorporates the same by reference.

8. The Defendant was negligent in failing to properly maintain the property allowing a dangerous condition to exist, a deteriorated concrete platform, keeping the in a safe condition for its invitees.

9. As a direct and proximate result of the Defendant's negligence in not maintaining the property, Kathleen Hanefeld was caused to fall and sustained serious and permanent bodily injuries as set forth above.

10. In addition, Kathleen Hanefeld has incurred pain, suffering, and mental anguish. Furthermore, Kathleen Hanefeld has incurred significant medical expenses and lost earnings.

**WHEREFORE**, the Plaintiff, Kathleen Hanefeld, prays as follows:

11. That judgment be entered against the Defendant for personal injuries, pain and suffering, and the fair value of medical expenses as set forth herein, together with interest and costs.

12. For such other further relief as this court deems just.

## COUNT II
## (NEGLIGENCE – FAILURE TO WARN)

13. The Plaintiff hereby re-alleges each of the allegations set forth in paragraphs 1 through 12 above and incorporates the same by reference.

14. The Defendant was negligent in failing to warn its lawful invitees of a dangerous condition existing on the property, a deteriorated concrete platform, failing to keep the premises in a safe condition for its invitees.

15. As a direct and proximate result of the Defendant's negligence in not maintaining the property, Kathleen Hanefeld was caused to fall and sustained serious and permanent bodily injuries as set forth above.

16. In addition, Kathleen Hanefeld has incurred pain, suffering, and mental anguish. Furthermore, Kathleen Hanefeld has incurred significant medical expenses and lost earnings.

**WHEREFORE**, the Plaintiff, Kathleen Hanefeld, prays as follows:

17. That judgment be entered against the Defendant for personal injuries, pain and suffering, and the fair value of medical expenses as set forth herein, together with interest and costs.

18. For such other further relief as this court deems just.

                                      Respectfully Submitted
                                      The Plaintiff
                                      Kathleen Hanefeld,
                                      By her attorneys,

                                      */s/ Stephen J. Delamere*
                                      Stephen J. Delamere, Esq.
                                      BBO # 561249
                                      Law Office of Stephen J. Delamere, P.C.
                                      839 Washington Street
                                      Stoughton, Massachusetts 02072
                                      (781) 344-0012
                                      sdelamere@delamerelaw.com

Dated: August 15, 2018

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

PLAINTIFF(S): KATHLEEN HANEFELD
ADDRESS: 634 Ashbury St., Hamilton, MA

COUNTY: Essex

DEFENDANT(S): National Railroad Passenger Corporation

ATTORNEY: Stephen J. Delamere
ADDRESS: 839 Washington St., Stoughton, MA 02072

ADDRESS: 60 Massachusetts Ave., NE, Washington, DC

BBO:

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

CODE NO.: B-04
TYPE OF ACTION (specify): Negligence – Personal Injury
TRACK: F
HAS A JURY CLAIM BEEN MADE? ☐ YES ☐ NO

*If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................ $ 3,447.62
2. Total doctor expenses .............................................................. $ 2000.00
3. Total chiropractic expenses ..................................................... $
4. Total physical therapy expenses .............................................. $
5. Total other expenses (describe below) ..................................... $ 1,650.00
MRI
Subtotal (A): $
B. Documented lost wages and compensation to date .................. $
C. Documented property damages to dated ................................. $
D. Reasonably anticipated future medical and hospital expenses .. $ 10,000.00
E. Reasonably anticipated lost wages .......................................... $
F. Other documented items of damages (describe below) ............ $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F): $ 17,097.62

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X
Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X
Date: 8/15/2018

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1877CV01180 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Kathleen Hanefeld vs. National Railroad Passenger Corporation | | Thomas H. Driscoll, Jr., Clerk of Courts |
| TO: Stephen J Delamere, Esq. Law Office of Stephen J. Delamere, P.C. 839 Washington St Stoughton, MA 02072 | | COURT NAME & ADDRESS Essex County Superior Court - Newburyport 145 High Street Newburyport, MA 01950 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                    DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 11/14/2018 |  |
| Response to the complaint filed (also see MRCP 12) |  | 12/14/2018 |  |
| All motions under MRCP 12, 19, and 20 | 12/14/2018 | 01/14/2019 | 02/12/2019 |
| All motions under MRCP 15 | 12/14/2018 | 01/14/2019 | 02/12/2019 |
| All discovery requests **and depositions** served and non-expert depositions completed | 06/12/2019 |  |  |
| All motions under MRCP 56 | 07/12/2019 | 08/12/2019 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 12/09/2019 |
| Case shall be resolved and judgment shall issue by |  |  | 08/17/2020 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 08/16/2018 | Jo Dee Doyle | (978)462-4474 |

Date/Time Printed: 08-16-2018 10:32:47                                                                                   SCV026\ 08/2018